IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
-------------------------------------------------  :
CARL L. DELOACH                                    :  CASE NO.  1:05 CV 1763
                                                   :  (1:04 CR 019)
                         Petitioner                :
                                                   :
            -vs-                                   :  ORDER DENYING PETITIONER'S
                                                   :  28 U.S.C. § 2255 MOTION
                                                   :
UNITED STATES OF AMERICA                           :
                                                   :
                         Respondent                :
-------------------------------------------------  :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before this Court is pro se petitioner Carl L. Deloach's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255.[1] (Dkt. #1). Respondent timely filed a brief in opposition to Mr. Deloach's motion. (Dkt. #5).

For the reasons set forth below, Mr. Deloach's §2255 motion will be denied.

**I.    BACKGROUND**

On 25 June 2004, in a written plea agreement, Mr. Deloach pled guilty to the sole count of the indictment: conspiring to possess with intent to distribute, and to distribute,

---

[1] 28 U.S.C. § 2255 reads in relevant part:
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

one and a half kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). (Case #1:04-CR-00019, hereinafter "CR-19," Dkt. #47, at ¶ 2). On 23 August 2004, this Court sentenced Mr. Deloach to an eighty-six (86) month term of incarceration to be followed by five years of supervised release. (CR-19, Dkt. #61).

While nothing in Mr. Deloach's plea agreement was to act as a bar to, among other matters, "collateral attack respecting claims of ineffective assistance of counsel or government misconduct," Mr. Deloach

> knowingly, voluntarily and expressly waive[d] the right to appeal his sentence on any ground, including any appellate right conferred under Title 18, United States Code, Section 3742. DELOACH further agree[d] not to contest in any post-conviction proceeding, including but not limited to any proceeding under Title 28, Section 2255, United States Code, his sentence or any other matters pertaining to this prosecution, including all motions, defenses, venue, voluntary nature of plea, and probable cause determinations.[2]

(CR-19, Dkt. #47, at ¶¶ 24 & 23). Thus, under the express terms of the plea agreement, Mr. Deloach waived the right to file a motion under §2255 challenging his sentence.

On 12 July 2005, however, Mr. Deloach filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, asserting he was denied effective assistance of counsel because his attorney 1) failed to file a notice of appeal, 2) failed to get a waiver of appeal from him, and 3) informed him the facts supporting a two-point enhancement under the United States Sentencing Guidelines § 3B1.1(c) had to be

---

[2] Mr. Deloach's waiver of his right to collateral appeal under 28 U.S.C. § 2255 does not contradict the assertion in the plea agreement that he is not barred from collateral attacks based on ineffective assistance of counsel, as Mr. Deloach may still file such a challenge under 28 U.S.C. § 2254.

2

proven by a preponderance of the evidence instead of beyond a reasonable doubt. (Dkt. #1, at 6).[3]

## II. ANALYSIS

In order to prevail on a motion under §2255, the petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003). However, because this Court finds Mr. Deloach waived the right to attack his sentence under §2255, it is unnecessary to perform the above analysis.[4]

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." United States v. Fleming, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting United States v. Ashe, 47 F.3d 770, 775-76 (6th Cir.

---

[3] Mr. Deloach asserts that although he pled guilty to the facts underlying the two-point enhancement, had he "been advised properly, he would have proceeded to trial on the 2 point enhancement levied against him using the preponderance of evidence standard." (Docket #1, at 6).

[4] Even if this Court were to do so, Mr. Deloach's challenges would fail under this analysis. Mr. Deloach's sentence was within the statutory limits (statutory limits were between five and forty years of imprisonment with at least four years of supervised release to follow) and he is not claiming any error of fact or law that would fundamentally undermine the plea and/or sentencing proceedings. Rather, Mr. Deloach is arguing ineffective assistance of counsel, a challenge which would have to rise to the level of a constitutional violation in order to warrant consideration under §2255. Mr. Deloach's challenges fail to do so. Strickland v. Washington, 466 U.S. 668 (1984), articulates the familiar standard for ineffective assistance of counsel, namely that the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." 466 U.S. at 686-7. Challengers must show both deficient performance as well as prejudice of a sort in which "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. In this instance, Mr. Deloach pled guilty, waiving his rights to an appeal; therefore, it is well within "the wide range of professionally competent assistance," Id., at 689-90, for Mr. Deloach's attorney not to file for an appeal. Moreover, Mr. Deloach pled guilty to the facts underlying the two-point sentencing enhancement. Even if United States v. Booker, _ U.S. _, 125 S.Ct. 738 (2005), applied retroactively to 28 U.S.C. §2255 proceedings (a point the government contests), counsel's alleged misstatement of the burden of proof does not result in prejudice when the defendant admits to the facts used in establishing the enhancement. United States v. Bradley, 400 F.3d 459, 462 (6th Cir. 2005).

1995)). The Sixth Circuit has held this rule applies to the waiver of the right to collaterally attack a sentence pursuant to 28 U.S.C. § 2255, including attacks based on ineffective assistance of counsel claims, so long as the waiver was informed and voluntary. Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001) (See also United States v. Watson, 165 F.3d 486, 489 (6th Cir. 1999)).[5] In both Watson and Davila, the defendants' plea agreements contained provisions explicitly waiving the right to appeal under §2255; so too does Mr. Deloach's plea agreement.

As noted above, Mr. Deloach signed a plea agreement in which he "knowingly, voluntarily, and expressly" waived his right to "contest in any post-conviction proceeding, including but not limited to any proceeding under Title 28, Section 2255, United States Code, his sentence or any other matters pertaining to this prosecution...." (CR-19, Dkt. #47, at ¶ 23). In signing the plea agreement, Mr. Deloach also affirmed he had read and understood the agreement; his offer to plead guilty in accordance with its terms was "intelligently, freely, and voluntarily made;" and he was not threatened or induced in any way to sign. (Id., at ¶¶ 26, 28 & 29).

On 25 June 2004, Mr. Deloach again waived these appellate rights in open court during a plea hearing held before Magistrate Judge Patricia A. Hemann. (CR-19, Plea Hearing Minutes, recorded 25 June 2004). Mr. Deloach's waiver of appellate rights was discussed on three separate occasions during this hearing, at which times he specifically reserved his right to challenge any sentence that fell outside the stipulated

---

[5] "When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." Davila v. United States, 258 F.3d at 451.

4

guideline range,[6] but waived all other appellate rights within his power to waive.[7] (Id.). Throughout the hearing, Magistrate Judge Hemann questioned Mr. Deloach as to his understanding of the proceedings, his decision to plead guilty, and his waiver of rights; Magistrate Judge Hemann found the plea to be freely and voluntarily made, and supported by an independent basis in fact. (Id.). This Court reviewed the record of the plea hearing, accepted Magistrate Judge Hemann's R&R, and, by journal entry on 16 July 2004 (Dkt. #46), ordered the plea agreement into effect.

Accordingly, this Court finds Mr. Deloach knowingly and voluntarily waived his right to challenge his sentence under 28 U.S.C. § 2255.

## III. CONCLUSION

For the reasons set forth above, petitioner Carl Deloach's §2255 motion to vacate, set aside, or correct his sentence is denied.

IT IS SO ORDERED.

                                                    /s/Lesley Wells
                                                    UNITED STATES DISTRICT JUDGE

Dated: 8 December 2005

---

[6] The stipulated guideline range was 70 to 87 months imprisonment; Mr. Deloach was sentenced to serve 86 months in prison.

[7] Both counsel for the government and Magistrate Judge Hemann explained to Mr. Deloach he was not waiving his right to appeal claims that cannot be waived under the Ohio Code of Professional Responsibility. (CR-19, Plea Hearing Minutes, recorded 25 June 2004).